UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:
_____

|  |  |  |
|---|---|---|
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 13-00291 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

_____)

## ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff's, Ford Motor Company (Ford), complaint as follows:

## I.   INTRODUCTION

1.   Admits that this paragraph sets forth Ford's reason for filing the complaint. Based on paragraph 25 of the complaint, defendant understands the reference in this paragraph to "an Internal Advice issued by [CBP]" to refer to HQ H220856 and denies any inference in this paragraph that U.S. Customs and Border Protection's (Customs or CBP) reclassification was improper.

## II.   JURISDICTION

2.   Admits.

3.   Admits.

4.   Admits.

5.   Admits.

6.   Admits.

7.      Admits.

8.      Admits.

9.      Admits.

10.     Admits.

11.     Admits.

12.     Admits.

13.     Admits.

**III.**     **<u>BACKGROUND</u>**

14.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

15.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

16.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

18.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

19.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

20.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph,

but the information currently known by or available to defendant is not sufficient to admit these allegations.

21.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

22.     Admits.

23.     Denies.

24.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

25.     Denies for lack of knowledge or information sufficient to form a belief as to the meaning of the term "consistently" used by Ford in this paragraph. Otherwise, admits the remaining allegations contained in this paragraph.

26.     Admits to the extent supported by HQ H220856, otherwise denies.  Avers that HQ H220856 speaks for itself, is the best evidence of its contents, and respectfully refers the Court to HQ H220856 for the statement of its terms.

27.     Denies for lack of knowledge or information sufficient to form a belief as to the meaning of the term "In contrast" used by Ford in this paragraph.  Denies any inference that the classification of the Transit Connect 9 vehicles was at issue in HQ H220856.  Admits that the classification of the Transit Connect 9 vehicles

was not changed by HQ H220856.  Avers that CBP stated in HQ H220856 at p. 2 that the Transit Connect 9 vehicles were "imported and sold as passenger vehicles without modification."  Further, avers that HQ H220856 speaks for itself, is the best evidence of its contents, and respectfully refers the Court to HQ H220856 for the statement of its terms.

28.     Admits.

29.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, admits that CBP did not provide an opportunity for public notice and comment before issuing HQ H220856.  However, denies any inference that CBP was required to provide an opportunity for public notice and comment before issuing HQ H220856.

30.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  Further, denies for lack of knowledge or information sufficient to form a belief as to which 1989 Treasury Memorandum issued to Customs Ford refers in this paragraph.

31.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  Further, denies for lack of knowledge or information sufficient to form a belief as to which Treasury Memorandum Ford refers in this paragraph.

32.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

33.     Denies for lack of knowledge or information sufficient to form a belief as to the meaning of the term "foundational" used by Ford in this paragraph. Otherwise, admits the remaining allegations contained in this paragraph set forth the issues raised in the complaint.

## IV.   <u>FACTS</u>

### A.   **In Their Condition at the Time of Importation, All Transit Connect Vehicles, Including the Transit Connect 6/7 Vehicles, Have the Physical Characteristics of Vehicles Principally Designed to Transport Persons**

(Because this heading is not a numbered paragraph, it cannot be considered as an allegation requiring a response.  Even if it were to be considered an allegation, it consists of legal argument or conclusions of law to which no response is required.  However, if a response is required, denies.)

34.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

35.     Admits that the quoted language in this paragraph is present in HQ H220856.  Avers that HQ H220856 speaks for itself, is the best evidence of its contents, and respectfully refers the Court to HQ H220856 for the statement of its terms.

36.     Admits that the quoted language in this paragraph, subject to Ford's emendations, is present in HQ H220856.  Avers that HQ H220856 speaks for

itself, is the best evidence of its contents, and respectfully refers the Court to HQ H220856 for the statement of its terms.

**B.      Tariff Defining Features**

(The characterization by Ford of this section of its complaint requires no response.  However, if a response is required, incorporates by reference the responses to the paragraphs of this section.)

37.      The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  Further denies that this paragraph accurately provides the partial text of subheading 8703.23.00, HTSUS.  Avers that the following language is a statistical annotation and is not part of 19 U.S.C. § 1202, the statute which sets forth the HTSUS:  "Having engines with not more than 4 cylinders: Of an interior volume exceeding 3.4 $m^3$."

38.      Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

39.      Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph,

but the information currently known by or available to defendant is not sufficient to admit these allegations.

40.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

41.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

**C.     Structural Features**

(The characterization by Ford of this section of its complaint requires no response.  However, if a response is required, incorporates by reference the responses to the paragraphs of this section.)

42.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  Further, denies for lack of knowledge or information sufficient to form a belief as to which Treasury Memorandum Ford refers in this paragraph.

43.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a

reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

44.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

45.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

46.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

47.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

**D.     Auxiliary Features and Passenger Amenities**

(The characterization by Ford of this section of its complaint requires no response.  However, if a response is required, incorporates by reference the responses to the paragraphs of this section.)

50.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Further, denies for lack of knowledge or information sufficient to form a belief as to which Treasury Memorandum Ford refers in this paragraph.

51.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

10

52.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

53.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

54.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

55.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

56.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to

defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

57.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

58.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

60.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

61.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

62.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

63.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

64.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

65.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

66.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

67.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

68.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**E.      Post-Importation Processing**

(The characterization by Ford of this section of its complaint requires no response.  However, if a response is required, incorporates by reference the responses to the paragraphs of this section.)

69.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

70.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to

14

defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

71.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

72.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Defendant has made a reasonable inquiry, including a review of documentation voluntarily provided to defendant by plaintiff to assist in responding to the allegations in this paragraph, but the information currently known by or available to defendant is not sufficient to admit these allegations.

73.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

74.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**F.     Customs' Classification of Ford's Transit Connect Vehicles**

(The characterization by Ford of this section of its complaint requires no response.  However, if a response is required, incorporates by reference the responses to the paragraphs of this section.)

75.     Denies for lack of knowledge or information sufficient to form a belief as to the meaning of the term "commercial quantities" used by Ford in this paragraph.  Otherwise, admits the remaining allegations contained in this paragraph.  Avers that Ford also imported the Transit Connect vehicles through the Port of Detroit, Michigan (both airport and seaport) and Port Huron, Michigan.

76.     Admits.  Avers that 14 of the entries listed in Exhibit A to the complaint contained only Transit Connect S9 vehicles, which are not at issue in this court action, and did not contain any Transit Connect S6/7 vehicles.  Further avers that there are five additional entries not listed in Exhibit A which were made at Detroit, MI and Port Huron, MI covering Transit Connect S7 and S9 vehicles classified under subheading 8703.23.00, HTSUS.

77.     Admits.

78.     Admits.

79.     Denies for lack of knowledge or information sufficient to form a belief as to the meaning of the term "consistently" used by Ford in this paragraph.  Denies that Customs "classified entries."  Otherwise, denies.  Avers that the Transit Connect 9 vehicles were classified at liquidation under subheading 8703.23.00, HTSUS.  Further avers that the majority of the liquidations were bypass liquidations.

80.    Denies that 1303-13-100060 is the entry number.  Avers that 1303-13-100060 is the number of the protest which covers entry number 300-8620018-3. Admits that Transit Connect 9 vehicles imported in entry number 300-8620018-3 were classified by CBP at liquidation under subheading 8703.23.00, HTSUS, as entered.

81.    Admits.

82.    Denies for lack of knowledge or information sufficient to form a belief as to the meaning of the term "non-commercial" used by Ford in this paragraph. Admits that Ford made other entries of Transit Connect vehicles through the Ports of Detroit, Michigan and Port Huron, Michigan.  Denies for lack of knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## V.    FIRST CLAIM FOR RELIEF

### A.    Transit Connect 6/7 Vehicles Are Classified in Subheading 8703.23.00, HTSUS, Based on the Terms of the Statute

(Because this heading is not a numbered paragraph, it cannot be considered as an allegation requiring a response.  Even if it were to be considered an allegation, it consists of legal argument or conclusions of law to which no response is required.  However, if a response is required, denies.)

83.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

84.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

85.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

86.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

87.     Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**B.      Transit Connect 6/7 Vehicles Are Principally Designed for the Transport of Persons Based on Controlling Precedent**

(Because this heading is not a numbered paragraph, it cannot be considered as an allegation requiring a response.  Even if it were to be considered an allegation, it consists of legal argument or conclusions of law to which no response is required.  However, if a response is required, denies.)

88.     Defendant asserts its responses to paragraphs 1-82 as if fully set forth herein and incorporates them by reference.

89.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

90.     Denies.

91.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, admits and avers that *Marubeni America Corp. v. United States*, 35 F.3d 530 (Fed. Cir. 1994) (*Marubeni*), speaks for itself, is the best evidence of its contents, and respectfully refers the Court to *Marubeni* for the statement of its terms.

92.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

93.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, admits that CBP stated in HQ H010587 that heading 8703, HTSUS, is an *eo nomine* provision.  Avers that heading 8703, HTSUS, is an *eo nomine* and a "principal design" provision.

94.     Admits that this paragraph accurately quotes in part and paraphrases in part the statements of the U.S. Court of International Trade (USCIT) in *Pomeroy Collection, Ltd. v. United States*, Slip Op. 13-13 at 17 (January 28, 2013) (*Pomeroy*).  Avers that the *Pomeroy* decision speaks for itself, is the best evidence of its contents, and respectfully refers the Court to *Pomeroy* for the statement of its terms.

95.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  Avers that the *Pomeroy* decision speaks for itself, is the best evidence of its contents, and respectfully refers the Court to *Pomeroy* for the statement of its terms.

96.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

97.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

98.     The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

99.     Denies.  Avers that the rulings referenced in this paragraph speak for themselves, are the best evidence of their content, and respectfully refers the Court to these rulings the statement of their terms.

100.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

**C.      Transit Connect 6/7 Vehicles Have The Necessary Structural And Auxiliary Design Features To Be Classified Under Heading 8703, HTSUS**

(Because this heading is not a numbered paragraph, it cannot be considered as an allegation requiring a response.  Even if it were to be considered an allegation, it consists of legal argument or conclusions of law to which no response is required.  However, if a response is required, denies.)

101.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  Avers that the *Marubeni* decision speaks for itself, is the best evidence of its contents, and respectfully refers the Court to *Marubeni* for the statement of its terms.  Further, denies for lack of knowledge or information

sufficient to form a belief as to which Treasury Memorandum Ford refers in this paragraph.

102.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  Avers that the *Marubeni* decision speaks for itself, is the best evidence of its contents, and respectfully refers the Court to *Marubeni* for the statement of its terms.  Further, denies for lack of knowledge or information sufficient to form a belief as to which Treasury Memorandum Ford refers in this paragraph.

103.    Denies.  Avers that HQ H220856 speaks for itself, is the best evidence of its contents, and respectfully refers the Court to HQ H220856 for the statement of its terms.

104.    Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

105.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

106.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

**D.**    **Transit Connect 6/7 Vehicles Are Properly Classifiable Under Heading 8703, HTSUS, Because they Meet the Criteria Set Forth in EN 87.03**

(Because this heading is not a numbered paragraph, it cannot be considered as an allegation requiring a response. Even if it were to be considered an allegation, it consists of legal argument or conclusions of law to which no response is required. However, if a response is required, denies.)

107.    Denies. Avers that the Explanatory Notes for 87.03 and 87.04 were amended in 2004. Further avers that these amended Explanatory Notes speak for themselves, are the best evidence of their contents, and respectfully refers the Court to these amended Explanatory Notes for the statement of their terms.

108.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required. However, to the extent that a response is required, denies.

109.    Certain of the allegations in this paragraph consist of legal argument or conclusions of law to which no response is required. However, to the extent that a response is required, denies. As to the factual allegations contained in this paragraph, denies for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

110.    Certain of the allegations in this paragraph consist of legal argument or conclusions of law to which no response is required. However, to the extent that a response is required, denies. As to the factual allegations contained in this paragraph, denies for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

111.    Certain of the allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  As to the factual allegations contained in this paragraph, denies for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

112.    Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

113.    Certain of the allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  As to the factual allegations contained in this paragraph, denies for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

114.    Certain of the allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  As to the factual allegations contained in this paragraph, denies for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

115.    Certain of the allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  As to the factual allegations contained in this paragraph, denies for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

116.    Certain of the allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  As to the factual allegations contained in this paragraph, denies for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

117.    Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

118.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

119.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

**VI.    <u>SECOND CLAIM FOR RELIEF</u>**

**Liquidation of Entries of the Transit Connect 6/7 Vehicles Under Heading 8704 Is Contrary to Law Because it Is Contrary to Customs' Treatment With Respect to Substantially Identical Merchandise and it Effectively Overrules Prior Interpretive Rulings and Judicial Precedent Relating to the Classification of Motor Vehicles**

(Because this heading is not a numbered paragraph, it cannot be considered as an allegation requiring a response.  Even if it were to be considered an allegation, it consists of legal argument or conclusions of law to which no response is required.  However, if a response is required, denies.)

120.    Defendant asserts its responses to paragraphs 1-82 as if fully set forth herein and incorporates them by reference.

121.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, admits and avers that section 1625(c)(1) speaks for itself, is the best evidence of its contents, and respectfully refers the Court to section 1625(c)(1) for the statement of its terms.

122.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, admits and avers that section 1625(c)(1) speaks for itself, is the best evidence of its contents, and respectfully refers the Court to section 1625(c)(1) for the statement of its terms.

123.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, admits and avers that section 1625(c)(1) speaks for itself, is the best evidence of its contents, and respectfully refers the Court to section 1625(c)(1) for the statement of its terms.

124.    Denies.

125.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

126.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

127.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

128.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

129.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

130.    Denies.  Avers that from March 5, 2010 through November 23, 2012, CBP liquidated 474 entries consisting of Transit Connect 6, 7 and 9 vehicles at seven ports under subheading 8703.23.00, HTSUS.

131.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

132.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

133.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

VII.   **THIRD CLAIM FOR RELIEF**

> **Liquidation of Entries of the Transit Connect 6/7 Vehicles Under Heading 8704, HTSUS, Is Contrary to Law Because it Is Contrary to Customs' Established and Uniform Practice With Respect to this Merchandise**
>
> (Because this heading is not a numbered paragraph, it cannot be considered as an allegation requiring a response.  Even if it were to be considered an allegation, it consists of legal argument or conclusions of law to which no response is required.  However, if a response is required, denies.)

134.    Defendant asserts its responses to paragraphs 1-82 as if fully set forth herein and incorporates them by reference.

135.    Admits that CBP sent a copy of HQ H220856 to Ford on March 8, 2013.  Denies that the ruling was posted to CROSS on April 20, 2013.  Avers that the ruling was posted to CROSS on April 19, 2013.

136.    Admits.  However, denies any inference that publication in the Federal Register or the Customs Bulletin was required.

137.    Denies for lack of knowledge or information sufficient to form a belief as to the meaning of the term "commercial quantities" used by Ford in this paragraph.  Otherwise, denies.  Avers that from March 5, 2010 through November 23, 2012, CBP liquidated 474 entries at seven ports classifying Transit Connect 6, 7 and 9 vehicles under subheading 8703.23.00, HTSUS.  Avers that the majority of the liquidations were bypass liquidations.

138.    Admits.

139.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

140.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

141.    Denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

142.    Admits to the extent supported by 19 U.S.C. § 1315(d).  Otherwise, denies.  Avers that section 1315(d) speaks for itself, is the best evidence of its contents, and respectfully refers the Court to section 1315(d) for the statement of its terms.

143.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.  Avers that section 1315(d) speaks for itself, is the best evidence of its contents, and respectfully refers the Court to section 1315(d) for the statement of its terms.

144.    Admits to the extent supported by 19 C.F.R. § 177.10.  Otherwise, denies.  Avers that section 177.10 speaks for itself, is the best evidence of its contents, and respectfully refers the Court to section 177.10 for the statement of its terms.

145.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

146.    Denies.

147.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

148.    The allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  However, to the extent that a response is required, denies.

**WHEREFORE**, defendant respectfully requests that judgment be entered dismissing this action in its entirety, overruling plaintiff's claims, sustaining the decision of the appropriate customs official and the assessment of duty thereunder, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

/s/ Amy M. Rubin
By:    AMY M. RUBIN
Acting Assistant Director
International Trade Field Office

/s/ Beverly A. Farrell
JASON M. KENNER
BEVERLY A. FARRELL
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
Tel. (212) 264-0483 or 9230
Attorneys for Defendant

Dated:  April 4, 2014